Delta Diagnostic Radiology, P.C., as Assignee of Gonzalo Garcia, Appellant, 
against
Country-Wide Insurance Company, Respondent.




Law Office of David O'Connor, P.C. (David O'Connor, Esq.), for appellant.
Jaffe & Koumourdas, LLP (Jean H. Kang, Esq.), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered October 15, 2015. The judgment, insofar as appealed from, upon awarding plaintiff the principal sum of $2,670, awarded plaintiff no-fault statutory prejudment interest in the sum of only $1,082.24.




ORDERED that the judgment, insofar as appealed from, is reversed, with $30 costs, and the matter is remitted to the Civil Court for a recalculation of the no-fault statutory prejudgment interest in accordance with this decision and order, and for the entry of an appropriate amended judgment thereafter.
Plaintiff commenced this action to recover assigned first-party no-fault benefits on March 30, 2006. After a motion by plaintiff for summary judgment was denied by an order of the Civil Court entered June 8, 2007, plaintiff moved to compel defendant to appear for an examination before trial and provide responses to the interrogatories served by plaintiff. On December 18, 2007, the Civil Court denied plaintiff's motion to compel but held that plaintiff could serve a second set of interrogatories within 45 days. On December 27, 2007, in accordance with the December 18, 2007 order, plaintiff served another demand for interrogatories upon defendant. Defendant did not serve a response to the demand for a second set of interrogatories, and plaintiff did not file a notice of trial until May 30, 2013. A nonjury trial was subsequently held, after which the Civil Court found in favor of plaintiff. However, the Civil Court held that plaintiff had [*2]unreasonably delayed the resolution of the case and that, as a result, no-fault statutory prejudgment interest would not accrue between the date the action had been commenced and the date the notice of trial had been filed. Plaintiff appeals from so much of the Civil Court's judgment as failed to award plaintiff no-fault statutory prejudgment interest from the commencement of the action through January 27, 2008, as January 28, 2008 was the first day plaintiff could have made a motion based upon defendant's failure to respond to the December 27, 2007 demand for interrogatories.
No-fault statutory prejudgment interest accrues upon overdue first-party no-fault benefits at the rate of two percent per month "unless the applicant unreasonably delays the . . . court proceeding" (11 NYCRR 65-3.9 [a], [d]). While the court found that plaintiff was not entitled to the interest which had accrued between the commencement of the action on March 30, 2006 and the date plaintiff filed the notice of trial, May 30, 2013, plaintiff's argument that the toll upon the accrual of interest should not begin until January 28, 2008, as plaintiff had not unreasonably delayed prosecution of the action prior to that date, is correct. Motions were made and discovery demands were served during the period between the commencement of the action and December 27, 2007, the date plaintiff served its second demand for interrogatories. Consequently, a motion by plaintiff to compel defendant to respond to the demand for interrogatories would have been premature prior to January 28, 2008 (see CPLR 2103 [a]; 3133 [a]; General Construction Law § 25-a). As a result, plaintiff is entitled to no-fault statutory prejudgment interest from the commencement of the action on March 30, 2006 through January 27, 2008.
Accordingly, the judgment, insofar as appealed from, is reversed, and the matter is remitted to the Civil Court for a recalculation of the interest pursuant to Insurance Law § 5106 (a) to include the no-fault statutory prejudgment interest which accrued from March 30, 2006 through January 27, 2008, and for the entry of an appropriate amended judgment thereafter.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 26, 2018